IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:24-cv-09921 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MIKE SHAKER aka MOSHE SHACHAR, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

The United States of America, at the direction of a delegate of the Attorney General of the United States and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 31 U.S.C. §§ 5321(b)(2) and 3711(g)(4)(C), brings this civil action to reduce to judgment and collect civil penalties assessed under 31 U.S.C. § 5321(a)(5) against Mike Shaker (aka Moshe Shachar) for his willful failure to timely report his financial interests in or signature or other authority over foreign bank accounts during the 2009, 2010 and 2011 calendar years, as required by 31 U.S.C. § 5314 and its implementing regulations, as well as all associated penalties and interest. The United States alleges as follows:

### Jurisdiction and Parties

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute, the United States is the plaintiff, and the action seeks recovery or enforcement of civil penalties.

2.      Plaintiff is the United States of America.

3.      The defendant Mike Shaker resides in Lincolnwood, Illinois, which is in the jurisdiction of this Court.

**Duty to Report Foreign Financial Accounts**

4.      Section 5314 of Title 31 of the U.S. Code provides that the Secretary of the Treasury shall require a United States resident or citizen to file a report when he or she "makes a transaction or maintains a relation for any person with a foreign financial agency."

5.      Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship to the Commissioner of Internal Revenue for each year in which such relationship exists." 31 C.F.R. 1010.350(a).

6.      To fulfill this requirement, the U.S. person must file a "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." During the years at issue in this matter, U.S. persons were required to file the Treasury Form TD F 90-22.1.

7.      On the FBAR form, the U.S. person who has a reporting requirement must disclose, among other things, the maximum value of each foreign account during the calendar year reported, the type of account, the account number, and the name and mailing address of the financial institution in which the account is held.

8.      For calendar years 2009, 2010, and 2011, an FBAR was due on or before June 30th "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

9.      For calendar year 2009, an FBAR was due on or before June 30, 2010.

10.      For calendar year 2010, an FBAR was due on or before June 30, 2011.

11.      For calendar year 2011, an FBAR was due on or before June 20, 2012.

12.      Section 5321(a)(5) of Title 31 authorizes the Secretary of the Treasury to impose civil penalties for a willful failure to comply with the reporting requirements of § 5314.

Specifically, § 5321(a)(5)(C) and (D) sets the maximum penalty for willful violations of § 5314 to be $100,000 or fifty percent of the balance in the account at the time of the violation.

13.     The penalty under 31 U.S.C. § 5321(a)(5)(C) is subject to statutory additions, including interest and late-payment penalties pursuant to 31 U.S.C. § 3717.

**Factual Background and Mike Shaker's Foreign Accounts**

14.     Mike Shaker is a dual citizen of Israel and the United States.

15.     Mike Shaker's primary language is Hebrew, but he is fluent in English.

16.     Mike Shaker is married to Orly Shaker.

17.     Mike Shaker acquired Monk's Pub in Chicago in 1978. On information and belief, he continues to own and operate Monk's Pub today.

18.     Mike Shaker used an enrolled agent, Leonard Nixon, to prepare his U.S. tax returns between 1991 and 2011.

19.     During part of all of 2009, 2010, and 2011, inclusive, Mike Shaker maintained three accounts with Bank Leumi-Israel, an Israeli bank.

20.     The aggregate amount in Mike Shaker's foreign accounts exceeded $10,000 in each of 2009, 2010, and 2011.

21.     The first account, with an account number ending 8312, was opened in 1984 in Israel and closed on October 2, 2011.

22.     Mike Shaker was the authorized signatory and beneficial owner of Account 8312 in calendar years 2009, 2010, and 2011.

23.     Mike Shaker opened Account 8312 in the name "NIMAK" to keep his name, address, and signature confidential.

24.     Mike Shaker instructed Bank Leumi-Israel not to mail him any correspondence for this account and that mail correspondence relating to Account 8312 be held at the bank for the purpose of "anonymity."

25.     The second account, with number ending 5445, was held in the name of Simon Services Corporation, opened by Mike Shaker in 1993 and closed on October 20, 2010.

26.     Mike Shaker was the beneficial owner of Account 5445 in calendar year 2009 and 2010.

27.     The third account, with account number ending 1220 was opened in October 2010 in the name of "Agar Blue & White 2010 Ltd" and was closed in late 2011.

28.     Mike Shaker was the sole shareholder of Agar Blue & White 2010 Ltd.

29.     Mike Shaker was the authorized signatory and beneficial owner for Account 1220 in calendar years 2010 and 2011.

30.     On October 20, 2010, Mike Shaker signed and dated Bank Leumi-Israel documents relating to Account 1220 declaring that he was the controller of Agar Blue & White 2010 Ltd.

31.     On information and belief, Bank Leumi-Israel transferred all of the funds from Account 5445 to Account 1220 at the request of Mike Shaker.

32.     On December 22, 2014, Bank Leumi-Israel entered into a Deferred Prosecution Agreement ("DPA") with the United States. Bank Leumi-Israel disclosed and admitted to providing banking and asset management services to U.S. taxpayers in evading U.S. tax obligations and reporting requirements. Bank Leumi-Israel further acknowledged that, in 2012, it sent letters to its U.S. clients advising them of the IRS's Offshore Voluntary Disclosure Program ("OVDP"). Pursuant to further provisions of the DPA, Bank Leumi-Israel produced bank

account documents and records under treaty terms, including bank account documents and records for Mike Shaker.

## Mike Shaker's Willful Failures to Report his Foreign Accounts

33. Schedule B, "Interest and Ordinary Dividends," is an attachment to the federal income tax return (i.e., IRS Form 1040 "U.S. Individual Income Tax Return") that is used for reporting, among other things, interest and dividend income. Schedule B also asks the taxpayer to check "Yes" or "No" for whether the taxpayer had any financial interest in or signature authority over financial accounts located in foreign countries for the tax year in question. The Schedule B instructs the taxpayer that if they check "Yes," they are required to file an FBAR and the appropriate form for doing so.

34. For calendar years 2004 to 2010, Mike Shaker answered "No" on the Schedule B on his individual income tax return in response to whether he had any financial interest in or signature authority over financial accounts located in foreign countries.

35. For calendar year 2011, Mike Shaker answered "Yes" on Schedule B and disclosed that he had a foreign account in Israel.

36. Mike Shaker did not file an FBAR form for calendar years 2009, 2010, and 2011.

37. On information and belief, Mike Shaker never disclosed his foreign Bank Leumi-Israel accounts to his enrolled agent, Leonard Nixon, nor did he seek any advice regarding his reporting obligations for his foreign accounts.

38. In July 2012, Mike Shaker and his wife Orly Shaker made a voluntary disclosure under the IRS's OVDP.

39. The Shakers disclosed only one foreign account ending in 9633 under the name "Simon Service." On the voluntary disclosure form:

    a. Mike Shaker admitted to being the sole owner and/or beneficiary of "Simon Service."

    b. Mike Shaker admitted to making deposits and withdrawals from the Simon Service account.

    c. Mike Shaker admitted that there were no other individuals affiliated with the Simon Service account.

    d. Mike Shaker identified an Israeli lawyer named Michael Hunter as an individual who formed and managed Simon Service.

40. On information and belief, the correct account number for this account ended in 5445 and was opened in 1993 in the name of Simon Services Corporation.

41. Mike Shaker did not disclose Account 8312 on his voluntary disclosure.

42. Mike Shaker did not disclose Account 1220 on his voluntary disclosure.

43. Mike and Orly Shaker were preliminarily accepted to the OVDP on August 14, 2012, but were disqualified on March 6, 2013. They were then reinstated to the OVDP on September 18, 2013.

44. In December 2012, Mike Shaker filed amended individual income tax returns for tax years 2004 through 2010 reporting interest and dividends on Schedule B from "Bank Leumi" and/or "Bank Leumi - OVDP." Mike Shaker, however, did not disclose all of his foreign income on these amended returns from accounts ending 8312 and 1220. These were later discovered by the IRS during an examination.

45. Mike Shaker's amended individual income tax returns were prepared by a paid preparer, Michael & Brown, CPAs.

46. Also in December 2012, Mike Shaker provided delinquent FBARs for the 2004 through 2010 calendar years to the IRS but did not properly file the FBARs with FinCEN.

47.     The FBARs provided to the IRS reported one bank account with Bank Leumi-Israel ending 5445, and reported a maximum balance of $1,862,974 for calendar years 2009 and 2010. The FBARs did not report the Bank Leumi-Israel bank accounts ending in 8312 and 1220.

48.     On May 19, 2015, Mike and Orly Shaker requested transition into the Streamlined Domestic Offshore Procedures program on Form 14654 Certification wherein they signed under penalties of perjury that:

      a.  "I failed to report income from one or more foreign financial assets during the above period."

      b.  "I meet all the eligibility requirements for the Streamlined Domestic Offshore procedures."

      c.  "If I failed to timely file correct and complete FBARs for any of the last 6 years, I have now filed those FBARs."

      d.  "During each year in either my 3-year covered tax return period or my 6-year covered FBAR period, my foreign financial assets subject to the 5% miscellaneous offshore penalty were as follows."

49.     Mike and Orly Shaker reported only one account with an account number 5544189. On information and belief this account number is account ending 5445, opened in 1993 in the name of Simon Services Corporation.

50.     On July 10, 2015, Mike and Orly Shaker were denied transition into the Streamlined Domestic Offshore Procedures program.

51.     Mike and Orly Shaker opted out of the OVDP on October 15, 2015.

**Mike Shaker Seeks Administrative Appeal and the IRS Assesses Penalties**

52.     In January 2020, Letter 3709 was sent to Mike Shaker proposing an FBAR penalty for calendar years 2009, 2010, and 2011.

53. In a letter dated February 27, 2020, Mike Shaker protested the proposed FBAR penalties and requested an appeal.

54. On November 14, 2022, IRS administrative appeals denied Mike Shaker's request to remove FBAR penalties.

55. The statute of limitations for assessing FBAR penalties for calendar years 2009, 2010, and 2011 would have expired on June 30, 2016, June 30, 2017, and June 30, 2018, respectively.

56. Mike Shaker consented to extending the statute of limitations. For 2009 and 2010, he consented to extend the statute to December 31, 2017 on April 15, 2016; and then consented to extend the statute to June 30, 2018, on June 21, 2017. For 2009, 2010, and 2011, he consented to extend the statute to June 30, 2019, on December 13, 2017; to December 31, 2020, on November 8, 2018; to December 31, 2021, on February 24, 2020; to June 30, 2022, on June 9, 2021; to December 31, 2022, on January 10, 2022; and to June 30, 2023, on July 18, 2022.

57. On October 11, 2022, a delegate of the Secretary of the Treasury, in accordance with 31 U.S.C. § 5321, timely assessed $1,051,157 in willful FBAR penalties against Mike Shaker for calendar years 2009, 2010, and 2011. In making the assessment, the IRS determined that Mr. Shaker had an FBAR filing obligation for the 2009 to 2011 calendar years and that his failure to timely file correct and complete FBARs reporting his foreign bank accounts for those years were willful violations. The IRS calculated the penalties pursuant to 31 U.S.C. § 5321(a)(5)(C) and (D) and Internal Revenue Manual provisions based on the highest aggregate balance across the 2009-2011 years. The highest balance was $2,102,313 from 2009, resulting in a total penalty of $1,051,157 that was allocated proportionally across the 2009, 2010, and 2011 calendar years as follows:

8

| Year | Account 5445 highest balance | Account 8312 highest balance | Account 1220 highest balance | Allocated FBAR penalty |
|------|------------------------------|------------------------------|------------------------------|------------------------|
| 2009 | $1,862,974 | $239,339 | N/A | $457,483 |
| 2010 | $0 | $20,477 | $1,734,156 | $393,674 |
| 2011 | Closed in 2010 | $20,477 | $1,850,103 | $200,000 |

58.     For calendar year 2011, the IRS allocated a maximum $100,000 penalty per account for a total $200,000 in penalties because the accounts ending 8312, and 1220 which were open during 2011 had been closed as of the reporting deadline of June 30, 2012, thereby limiting the maximum penalty per account to $100,000, pursuant to 26 U.S.C. § 5321(a)(C)(i)(I) and (D)(ii).

## Claim for Relief
## Reduce FBAR Civil Penalties to Judgment Against Mike Shaker

59.     The United States incorporates paragraphs 1 through 58 as if specifically realleged herein.

60.     At all relevant times, Mike Shaker was a United States person and was subject to the jurisdiction of the United States within the meaning of 31 C.F.R. § 1010.350(b) as a citizen of the United States.

61.     For part or all of 2009, 2010, and 2011, Mike Shaker had an interest in three foreign accounts with account numbers ending in 5445, 8312, and 1220.

62.     In 2009, 2010, and 2011, the aggregate balance of these foreign accounts exceeded $10,000.

63.     Mike Shaker failed to timely file FBARs reporting his foreign accounts and took steps to conceal his offshore funds from the United States and the IRS by: (1) omitting certain accounts from his voluntary disclosure and claiming that Bank Leumi-Israel created the account

that was disclosed; (2) taking measures to preserve anonymity in relation to his foreign accounts; (3) failing to disclose his foreign accounts on Schedule B; and (4) by not disclosing his foreign accounts to his enrolled agent.

64.     Mike Shaker's failure to report his accounts on a timely filed FBAR for calendar years 2009, 2010, and 2011 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

65.     Despite notice and demand for payment, Mike Shaker failed to pay the FBAR penalties assessed against him for calendar years 2009, 2010, and 2011.

66.     As a result, Mike Shaker owes $1,138,959.36 in FBAR penalties for calendar years 2009, 2010, and 2011, as of August 19, 2024, including interest and failure to pay penalties under 31 U.S.C. § 3717, and other statutory additions continuing to accrue from and after August 19, 2024.

67.     The 2009, 2010, and 2011 FBAR penalties assessed against Mr. Shaker remain unpaid, and he is liable for such amounts until they are paid in full.

WHEREFORE, the plaintiff, United States of America, requests the following relief:

A.     Enter judgment in favor of the United States of America and against defendant Mike Shaker for willful FBAR penalties for the 2009, 2010, and 2011 calendar years under 31 U.S.C. § 5321(a)(5), in the amount of $1,138,959.36 as of August 19, 2024, including interest and failure to pay penalties under 31 U.S.C. § 3717, plus interest and late payment penalties under 31 U.S.C. § 3717 continuing to accrue from and after August 19, 2024.

B.     Award the United States of America its costs incurred in connection with this action, along with such other and further relief as the Court determines is just and proper.

[*signature on the following page*]

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Curtis C. Paul*
CURTIS C. PAUL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-892-0241 (v)
202-514-5238 (f)
Curtis.Paul@usdoj.gov

Local Counsel:

Morris Pasqual
Acting United States Attorney